Stewart, J.
One of the questions of law presented by the demurrers to plaintiff’s petition is whether, where the county auditor fails to publish a list of property as provided in Section 5704, General Code, when the taxes first become delinquent thereon, a subsequent forfeiture of such property for such nonpayment of taxes, by means of a proceeding in the Court of Common Pleas under Section 5718-la et seq., General Code, is void by reason of such failure.
Taxes on parcel No. 2 were certified delinquent in 1932 and a proper publication thereof made, whereas the taxes on parcel No. 1 became delinquent in 1946.
Parcels Nos. 1 and 2 were merged to form parcel No. 3, and all taxes on parcels Nos. 1 and 2 were then charged against parcel No. 3.
Parcel No. 3 was certified delinquent in July 1947, at which time no publication was made as required by Section 5704, General Code.
The failure to publish a list of the delinquent lands related to parcel No. 1 in the first instance and parcel No. 3 later.
We must first consider the effect to be given the language of Section 5704, General Code. It provides in part:
*291 “Immediately after each August settlement, the county auditor shall make and certify a list and duplicate thereof of all the delinquent lands in his county. * # m
“It shall be mandatory upon the county auditor to cause a list of the lands on such delinquent land list and duplicate to be published twice, within sixty days after the delivery of the duplicate to the county treasurer, in two newspapers of opposite politics in the English language published in the county and of general circulation therein; provided, however, that, before such publication, it shall also be mandatory upon the county auditor to cause a display notice of the forthcoming publication of the delinquent land list and duplicate to be inserted once a week for two consecutive weeks in two newspapers of opposite politics in the English language published in the county and of general circulation therein. * * *
( 6 * * *
‘ ‘ There shall be attached to the list a notice that the delinquent lands will be entered upon the foreclosure list, as provided by law, unless the taxes, assessments, penalties and interest are paid.”
Prior to the amendment of Section 5704, effective August 11, 1943, this court held in the ease of Miller, Pros. Atty., v. Lakewood Housing Co., 125 Ohio St., 152, 180 N. E., 700, 81 A. L. R., 1239, that the failure to publish the list of property certified delinquent was the omission of a directory requirement, but under the clear language of the section as amended the publication is mandatory, and the question which confronts us is whether the failure to so publish makes void all subsequent proceedings and renders them subject to any kind of an attack, direct or collateral, or whether the failure to make the mandatory publication is such a matter as must be presented in the course of subsequent proceedings in order to void them, and, if so *292 presented, cannot be used in a collateral attack upon such proceedings.
Section 5718-la, General Code, provides in part:
“After sncb list of omitted lands has been prepared by the county auditor, the prosecuting attorney, in the names of the members of the board of revision, shall prepare and file an application in the Common Pleas Court of such county. * * * The application shall recite the date or dates on which such board met to consider the list of delinquent lands, the action taken by such board with respect to such lands, and such other facts as may be pertinent; it shall conclude with a prayer asking for an order fixing a day for the hearing of objections to the action of such boárd and, after such hearing, an order'confirming the action of such board and forfeiting such lands to the state of Ohio.”
Section 5718-1&, General Code, provides in part:
“Upon the filing of such application the court shall fix a day for the hearing of objections to the action of the board of revision in making such list of omitted lands and shall order the clerk of the court to eaitse notice of the time and place of hearing, together with a list of such omitted lands, to be published once a week for two consecutive weeks in two newspapers as provided in Section 5704 of the General Code. Proof of such publication shall be filed with the clerk of court and by him preserved as part of his records. The list as published shall contain the names of the owners, as found on the auditor’s duplicate, of such lands at the time they were omitted, a description of the property as it appears on the tax list and the amount of taxes, assessments and penalties due at the time of omission. ’ ’
Section 5718-lc, General Code, provides in part:
“At the time appointed for such hearing, the clerk, at the designated place, which shall be in open court, *293 shall present to the court the written objections that have been filed. The court shall also inquire from any of the persons attending such hearing whether any of them desire to present oral objections. If there are no objections, the court shall examine into the proceedings affecting such lands, both prior and subsequent to the filing of the application. If it appears that such proceeding's were regular and in conformity with law, the court shall so find and such finding shall not be collaterally attacked. The court shall thereupon confirm the action of the board of revision and shall order such lands forfeited to the state of Ohio. Such lands shall thereupon be forfeited to the state of Ohio and disposed of as provided by chapter 15 of this title. If there, are objections the court shall inquire into their merit, after ordering oral objections to be reduced to writing. Witnesses may be called and testimony introduced and the hearing may be adjourned from day to day. The burden of proof shall be upon the objectors. At the conclusion of such hearing, if the court finds that as to some of the lands legal objections have been proven, it shall order such lands stricken from the omitted list and re-entered upon the tax duplicate. If the court determines that no legal objections have been proven, it shall order such lands forfeited to the state of Ohio. A list of the lands so forfeited shall be certified by the clerk of courts to the county auditor.
Í ( # # *
“The term ‘legal objections’ as used in this section shall mean any one or more of the following:
< < # * *
“4. That the lists provided for in Sections 5704 and 5718-lb of the General Code have not been published according to law.
“Any party against whom a decision is rendered *294 shall have the same right of appeal as in other civil actions.”
The General Assembly provided specially for the presentation to the Court of Common Pleas, in the proceedings to forfeit lands, of the particular defense which the plaintiff is urging in this court, i. e., a fatal defect in the proceedings by which defendant acquired the property concerned in this case. It also specially provided that the proceedings in the Common Pleas Court may not be collaterally attacked. Of course, if the failure of the auditor to publish, as provided in Section 5704, General Code, made all subsequent proceedings void and deprived the Court of Common Pleas of jurisdiction to forfeit the lands, it would make no difference whether an attack on the judgment of the Court of Common Pleas was direct or collateral. If a court acts without jurisdiction of person and subject matter, its judgment is a nullity and can he attacked in any manner, for it has no more effect that if it did not exist. However, in view of the fact that the Court of Common Pleas is given jurisdiction to dispose of property delinquent for taxes, under Sections 5718-la and 5718-lb, General Code, and since in Section 5718-lc, General Code, there is a provision for objections to the proceedings, and one of the specific objections which may be raised is that the lists provided for in Sections 5704 and 5718-lb have not been published according to law, it seems to us that the Court of Common Pleas does have jurisdiction in conformity with the foregoing sections, and that the failure to publish as provided for in Section 5704 must be raised as a defense in the proceedings in the Court of Common Pleas. If such defense is raised the court is compelled to order such lands the list of which has not been published stricken from the omitted list and reentered upon the tax duplicate. If, however, such *295 objection is not raised and the court, in conformity with the statutes, orders tbe delinquent lands forfeited, and all its proceedings are in accord with the statutes, such proceedings cannot be collaterally attacked.
This principle is somewhat analogous to that applicable to questions arising under the statute of limitations. If an action may be barred because of the statute of limitations, the court, nevertheless, has jurisdiction to entertain the action, and, in the event the statute of limitations is not presented- either by demurrer or answer, the action may proceed to judgment and it cannot be said that the judgment is void because it would have been mandatory on the court to enter a judgment against the one bringing the action if the bar of the statute of limitations had been raised.
In the present case it is clear from the allegations of the petition that the time limit within which the present action could be commenced under Section 5762-1, General Code, had passed before the action was instituted. That section provides:
“In all cases wherein real property in this state is or has been sold under and by virtue of the provisions of chapter 14 or 15 of this title, no action shall be commenced, nor shall any defense be set up to question the validity of the title of the purchasers at such sale for any irregularity, informality or omission in the proceedings relative to the foreclosure, forfeiture or sale, unless such action be commenced or defense set up within one year after the deed to such property is filed for record or one year after the effective date of this act, whichever is longer.”
Since we hold that the failure of the auditor to publish a list of the delinquent lands was the failure of performance of a mandatory duty which must be set up in the later proceedings in the Court of Common Pleas for the forfeiture of the lands to the state in *296 order to successfully attack those proceedings, such failure to publish does constitute an omission in the proceedings relative to forfeiture and, therefore, must be set up within one year after the deed to the property is filed for record.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.